**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**BILLY WAYNE RHEA**                                                                                    **PLAINTIFF**

v.                                    **No. 4:16-CV-00760-BRW-JTK**

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                                  **DEFENDANT**

**RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Recommended Disposition ("Recommendation") has been sent to United States District Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**REASONING FOR RECOMMENDED DISPOSITION**

Billy Rhea applied for social security disability benefits with an alleged onset date of June 23, 2004. (R. at 38). After a hearing, the administrative law judge (ALJ) denied his application. (R. at 20). The Appeals Council denied his request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Rhea has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.**       **The Commissioner's Decision**

The ALJ found that Rhea had the severe impairment of degenerative disk disease. (R. at 15). The ALJ then found that Rhea's impairment left him with the residual functional capacity to perform light work, except that he could only occasionally stoop, crouch, crawl, and kneel. (R. at 16). Rhea had no past relevant work. (R. at 19). However, a vocational expert (VE) testified that Rhea could perform jobs such as fast food worker or retail sales clerk. (R. at 20). The ALJ therefore held that Rhea was not disabled. (R. at 20).

## II.   Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Rhea argues that the ALJ failed to fuly and fairly develop the record concerning his medical treatment and mental impairments, that the ALJ failed to perform a psychiatric review technique analysis, and that the ALJ mischaracterized evidence concerning medication. As the undersigned agrees that the ALJ mischaracterized the evidence of Rhea's medication, it is not necessary to reach his other points.

**The ALJ** stated that the record contained no evidence that Rhea had been prescribed extensive pain medication and no pharmacy records showing he had prescriptions filled on a regular basis. Rhea argues that the record shows in numerous places that he had received prescriptions for potent pain medications. The Commissioner responds that there are indeed no pharmacy records and that substantial evidence shows that Rhea did not take pain medication.

Rhea is correct. The record contains a large number of references to Rhea's prescriptions for such pain medications as hydrocodone, tramadol, and oxycodone among others. (R. at 226, 243, 246–47, 249, 414, 419, 425, 444, 464, 497–99, 503, 506, 509, 518, 522, 525, 529, 533, 544–45, 548, 582, 596, 602, 634–35, 670, 677, 680, 684, 688, 690, 693, 696, 703, 706, 709, 715, 728, 742–43, 752, 763, 773, 778, 789, 800, 808, 817, 829, 848, 851, 855, 871, 876, 878, 882, 889, 895, 897, 902, 905, 907, 912, 915, 917, 926, 930, 933, 941, 944, 948, 952, 954). Rhea at one point voiced concern that hydrocodone was no longer working because he had been on it for so long. (R. at 762). Rhea also testified that he used hydrocodone at least three times per day and that he received 120 pills per month. (R. at 31). The Commissioner is correct that the record contains no pharmacy records to show that Rhea had his prescriptions filled regularly, but the record contains no records from a pharmacy at all. The medical records themselves show—in stark contrast to the ALJ's characterization—that Rhea has been on prescription pain medication since at least 2005. (R. at 954). The Commissioner argues that substantial evidence shows that Rhea does not take pain medication yet cites to no such evidence. The ALJ's statements concerning Rhea's use of pain medication have no evidentiary support, and the decision should therefore be reversed.

### III. Recommended Disposition

The ALJ mischaracterized the evidence concerning Rhea's use of pain medication. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to fully consider all the evidence of record.

Dated this 2nd day of October, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE